## AETNA LIFE INSURANCE CO.
## TRAVELERS INSURANCE CO.
## HARTFORD ACCIDENT & INDEMNITY CO.

### HARRY BERNBLUM

Superior Court      New Haven County      File #46445
#46446
#46359

Present:   Hon. JOHN RUFUS BOOTH, Judge.

D. L. O'Neill, Jainsen, W. C., Attorneys for the Plaintiff.

Beers & Beers,                     Attorneys for the Defendant.

**MEMORANDUM FILED FEBRUARY 18, 1935.**

BOOTH (JOHN RUFUS), J.   In each of the above entitled cases the respective plaintiffs seek to restrain the defendant Bernblum from further prosecuting certain pending actions brought by said Bernblum, as assignee, against the respective plaintiffs in a certain State Court in Jackson County, Missouri.   These actions are based upon a claimed right growing out of certain policies of insurance issued by the plaintiffs to certain assignors of the defendant Bernblum, which assignors are residents of Missouri and were such at the time of the issuance of the policies. At the time, the plaintiffs, while residents of Connecticut, were authorized to issue the policies in Missouri. As appears from the complaints each of the aforesaid insured assigned his interest in his policy to Bernblum, who is a resident of Connecticut; that Bernblum instituted actions against the respective plaintiffs in the Circuit Court of Jackson County, Missouri; that the plaintiffs thereupon caused a removal of said actions to the District Court of the United States for the Western District of Missouri by virtue of a claim of diversity of citizenship, which claim was based upon the theory that the assignments to Bernblum were fictitious and merely a sham and device to prevent the aforesaid removal. After such removal, however, the United States District Court, while holding that Bernblum's assignments were colorable and fictitious, nevertheless remanded the cases to the

aforesaid State Court.

The object of the present actions is to restrain Bernblum from proceeding with the actions in the Court where they are now entered, by means of a temporary injunction, before a hearing on the merits.

That the Court has the power to restrain a party within its jurisdiction from prosecuting an action in a Court of another state there is no question. (14 R.C.L., 412; 32 C.J., 116.)

It is conceded that the Law of Missouri entitles an assignee of a chose in action, such as the insurance policies in question, to maintain actions in the Missouri State Courts in his own name even though such assignment is merely colorable and made for the purpose of defeating the jurisdiction of the Federal Court. Section 5531 of the General Statutes of Connecticut provides that:

> "The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name; but he shall in his complaint allege that he is the actual bona fide owner thereof, and set forth when and how he acquired title thereto."

The plaintiff's claim is that the public policy of Connecticut in respect to the rights of assignees to maintain suits upon assignments of non-negotiable choses in action is reflected in the aforesaid statute, that the assignments in question are contrary to such public policy, and that, therefore, they are entitled to the injunctive relief prayed for. On the other hand the defendant claims that the aforesaid statute is merely procedural and not substantive in character and consequently does not reflect the public policy of this state. Various other claims of a substantial nature were made by the plaintiffs as a basis for the relief sought. The questions involved are not entirely free from doubt and are of sufficient moment to warrant a full hearing with its accompanying right of appeal to each of the parties. If a temporary injunction is not issued at this time the plaintiffs may well be deprived of the opportunity for a full presentation of their contentions. No serious harm can result to the defendant in temporarily preserving the status quo until the plaintiffs are accorded this opportunity.

In view of the foregoing it is therefore ordered that a temporary injunction issue in each of the above cases to the effect that the defendant Bernblum be restrained under penalty of Five Thousand Dollars in each case from further proceeding in the cases now pending in the Circuit Court of Jackson County, Missouri, where he is a plaintiff and the present plaintiffs are

the respective defendants until further order of this Court in the premises; and that the respective plaintiffs forthwith enter in a proper bond or recognizance to the defendant Bernblum in the sum of One Thousand Dollars in each case, conditioned upon saving the defendant Bernblum harmless from damages arising from the failure of the respective plaintiffs to prosecute their respective actions to effect.